UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRUTHINADVERTISINGENFORCERS.COM,
and DIANE HANSEN,

      Plaintiffs,

v.                         Case No. 8:17-cv-169-T-33AAS

MY PILLOW, INC.,

      Defendant.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. As the Court lacks subject matter jurisdiction, the Court remands this case to the Sixth Judicial Circuit in and for Pasco County, Florida.

**I.**   **Background**

Pro se Plaintiffs TruthInAdvertisingEnforcers.com and Diane Hansen initiated this action in the County Court of the Sixth Judicial Circuit in and for Pasco County, Florida, on December 19, 2016, alleging violations of Florida's false advertising statute, § 817.41(1), Fla. Stat., and common law claims for fraud, intentional misrepresentation, negligent misrepresentation, false promise, concealment, and negligence. (Doc. # 2).

1

On January 23, 2017, My Pillow removed the case to this
Court on the basis of federal question jurisdiction. 28 U.S.C.
§ 1331. In the Notice of Removal, My Pillow asserts that the
case "includes a claim arising under the Constitution, laws
or treaties of the United States" by alleging breaches of
three federal statutes, 15 U.S.C. § 45(a), and 18 U.S.C. §§
1341 and 1343. (Doc. # 1 at ¶¶ 4-5).

A close reading of the Complaint reveals, however, that
the Plaintiffs are not bringing any causes of action under
the federal statutes referenced in the Complaint. Rather, the
federal statutes are listed under the Seventh Cause of Action
— a common law negligence claim — as the basis for "several
alternative theories of the duty that Defendant owed to
Plaintiffs." (Doc. # 2 at 11). Although the Complaint refers
to three federal statutes, this alone is not enough to confer
federal jurisdiction. Thus, the Court must analyze whether it
has jurisdiction over this case.

## II.  <u>Limited Jurisdiction of Federal Courts</u>

Federal courts are courts of limited jurisdiction and
are "empowered to hear only those cases within the judicial
power of the United States as defined by Article III of the
Constitution." <u>Bochese v. Town of Ponce Inlet</u>, 405 F.3d 964,
974 (11th Cir. 1994). "[I]t is well settled that a federal

court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." <u>Univ. of S. Ala. V. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999).

Generally, the district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As stated in <u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804 (1986), "the question of whether a claim 'arises under' federal law must be determined by reference to the well-pleaded complaint." <u>Id.</u> at 808. The Supreme Court has explained that "[u]nder the longstanding well-pleaded complaint rule, . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 60 (2009)(internal citations omitted).

Within these parameters, the Supreme Court has clarified that a cause of action can arise under federal law in one of three ways. <u>Franchise Tax Bd. v. Constr. Laborers Vacation Tr.</u>, 463 U.S. 1, 8 (1983). First, a federal law may "create the cause of action." <u>Id.</u> at 8-9. Second, a cause of action may arise where "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded

state claims." Id. at 13. Third, a cause of action may arise where "a federal cause of action completely preempts a state cause of action." Id. at 24.

Furthermore, in Merrell Dow, 478 U.S. at 817, the Court explained that a complaint alleging the violation of a federal statute as an element of a state cause of action does not necessarily state a claim arising under the laws of the United States when Congress created no private, federal right of action for the violation of the federal law. The mere mention of a federal statute in a complaint does not create federal question jurisdiction. Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994).

Here, the Court determines that remand is appropriate because the Court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Plaintiffs seek a ruling that My Pillow was negligent in its advertising by breaching the duties Plaintiffs allege are created by the three federal statutes cited, 15 U.S.C. § 45(a), and 18 U.S.C. §§ 1341 and 1343. Nevertheless, Plaintiffs' Complaint does not arise under federal law.

4

There is no private right of action under the referenced federal statutes, and thus federal question jurisdiction cannot be established on that basis. See Jairath v. Dyer, 154 F.3d 1280, 1284 (11th Cir. 1998)("[I]t will be only the exceptional federal statute that does not provide for a private remedy but still raises a federal question substantial enough to confer federal question jurisdiction when it is an element of a state cause of action." (quoting City of Huntsville v. City of Madison, 24 F.3d 169, 174 (11th Cir. 1994))); see also Templeton Bd. of Sewer Comm'rs v. Am. Tissue Mills of Mass., 352 F.3d 33, 37-38 (1st Cir. 2003)("Unless a federal statute bestows a private right of action, courts ought to presume that Congress did not intend the statute to confer federal jurisdiction."). Only the Federal Trade Commission can bring a civil action under 15 U.S.C. § 45(a), which is part of the Federal Trade Commission Act. See Gomez v. Bank of Am. Corp., No. 8:15-cv-324-T-33EAJ, 2015 WL 667664, at *1 (M.D. Fla. Feb. 17, 2015)(dismissing 15 U.S.C. § 45(a) claim because "[t]he Federal Trade Commission Act does not create a private right of action")(citing Fulton v. Hecht, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978)). Furthermore, 18 U.S.C. §§ 1341 and 1343 are criminal mail and wire fraud statutes that do not create private causes of

action. Austin v. Glob. Connection, 303 F. App'x 750, 752 (11th Cir. 2008)("The federal wire and mail fraud statutes are criminal statutes which do not provide for civil remedies.").

Nor does the Complaint implicate a substantial question of federal law. A question of federal law is substantial if "the vindication of a right under state law necessarily turn[s] on some construction of federal law." Merrell Dow, 478 U.S. at 808-09 (quoting Franchise Tax Bd., 463 U.S. at 9); see also Templeton Bd. of Sewer Comm'rs., 352 F.3d at 38 (noting that even where the federal law invoked does not create a private right of action, "when the interpretation of federal law is outcome-determinative, subject matter jurisdiction may be properly exercised").

Here, Plaintiffs contend that the alleged violation of these statutes by My Pillow support that My Pillow was negligent in its advertising. See Lowe v. Gen. Motors Corp., 624 F.2d 1373, 1379 (5th Cir. 1980)("[Plaintiffs] made it quite clear that the only relationship the alleged violation of the [federal Motor Vehicle Safety Act] had to this [state wrongful death] case was simply as evidence of GM's negligence. The concept that violation of a criminal or penal statute can be evidence of negligence in a civil action is

not new to tort law."). Plaintiffs allege that the federal statutes create a duty to consumers like themselves. (Doc. # 2 at 11). But Plaintiffs include "several alternate theories of the duty that [My Pillow] owed to Plaintiffs," many of which are based on state fraud and false or misleading advertising statutes. (Id.). While an alleged breach of the federal statutes may support Plaintiffs' negligence claim regarding My Pillow's advertising tactics, the success of that claim does not turn on whether My Pillow actually violated federal law. Thus, the Complaint does not raise a substantial federal question. Cf. Austin v. Ameriquest Mortg. Co., 510 F. Supp. 2d 1218, 1227 (N.D. Ga. 2007)("[T]he Court does not find that this case raises a substantial federal question because plaintiff's [Georgia] RICO allegations do not rest solely on federal law. Rather, plaintiff's allegations of violations of Georgia's theft by deception and theft by taking statutes could serve as plaintiff's predicate acts under Georgia's RICO statute. Thus, . . . this Court need not determine whether defendant violated a federal law."). Finally, the three federal statutes do not preempt state common law negligence claims.

Although My Pillow alleges only federal question jurisdiction, the Court will nonetheless analyze whether

7

diversity jurisdiction exists. When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires complete diversity of citizenship and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." In the Complaint, Plaintiffs allege that they are citizens of Pasco County, Florida, and that My Pillow is "a foreign corporation"; however, My Pillow provides no additional information on its citizenship in the Notice of Removal. (Doc. # 2 at ¶¶ 5-7). Additionally, Plaintiffs acknowledge that, while they ultimately "intend to seek punitive damages in excess of $15,000," their compensatory "damage claims are for less than $15,000" — far below the amount-in-controversy requirement. (Doc. # 2 at ¶ 3). Therefore, the Court may not hear this case on the basis of its diversity jurisdiction.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

The Clerk is directed to **REMAND** this case to the County Court of the Sixth Judicial Circuit in and for Pasco County, Florida. Thereafter, the Clerk shall **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of January, 2017.

8

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE